Good afternoon, everybody. Would the attorneys who are going to argue please step forward and state your names and spell your names? Good afternoon, Your Honors. Karen DeGrant for the defendants' appellants. Edward Grasset, G-R-A-S-S-E for the appellant. Okay, you each have 20 minutes. You don't have to use it. Do you want to reserve some time? I do. I'll reserve five minutes for rebuttal, Your Honor. Great. Now, the microphone there records so it doesn't amplify, so keep your voices up for everybody. Thank you. May I proceed? Sure. Thanks. Thank you, Your Honor. Again, Karen DeGrant for the defendants' appellants, Dr. Robert Kagan and Dr. Edgard Khoury. May it please the Court and counsel, the parties and the trial court asked this court to interpret a statute. And, of course, the best and the first source the court looks to for the legislature's intent is the language of the statute itself. The first paragraph of Section 2.2 of the Wrongful Death Act tells us that the General Assembly expanded the Wrongful Death Act to eliminate the question of fetal viability for wrongful death claims. The second paragraph of 2.2 also is clear, as even the trial court noted. Paragraph 2 says there's no wrongful death claim where the death is caused by a legal consensual abortion, where a woman exercises her right to terminate a pregnancy. The certified question places the wrongful death claim that the plaintiffs assert here squarely within paragraph 2. Why is that? The answer to the certified question, Your Honor, is built into the question itself, because the certified question satisfies both aspects of paragraph 2 of Section 2.2, that the fetus died as a result of a lawful abortion with requisite consent. Well, we're not talking about the death of the fetus as much as we're talking about an injury to a fetus, aren't we? No, Your Honor, I don't believe so, with the wrongful death action. No, no, but it was an injury to the fetus that resulted in a decision that was based upon information that was given by the doctors. Well, I have to disagree with the Court's framing of the issue, because if we look to Light v. Proctor, the appellate decision that's been on the books since 1989, and not touched, not reacted to in any way by the- That doesn't have any effect upon us. The fact is, Light only dealt with the second paragraph, and in this case deals with the third paragraph. So the issues there are quite different. So let's not talk about Light right now. My question is, are you saying that any time there's an abortion, the cause of action disappears? There's no cause of action any time there's an abortion. That's not what Section- No, I'm asking you, what does that mean? Okay, so what it means is, if you look to Section 2.2, it says- So we'll only talk about that situation, not the Williams situation, which is, I think, possibly what the Court has in mind, which involved an automobile accident case. I'm not having that in mind at all. I'm just talking about this particular case. Okay, this particular case, a medical malpractice action, clearly it's against two physicians. Did the physicians do the abortion? No. No, they did not. So why would it be covered? Because of the clear language of the second paragraph. I mean, that's why we're here. Judge didn't think it was so clear, otherwise he wouldn't have certified the question. So let's not say it's clear. Well, Judge, if I can just explain why I'm using that language. First of all, I disagree to the extent that the trial court finds any ambiguity. And the trial court actually said that the language of the second paragraph is clear. The trial court found an ambiguity when the trial court went to the third paragraph. But, if I may, the exception that the trial court seemed to glean based on the third paragraph was based on a couple of misconceptions. One, that the negative implication canon takes the third paragraph and essentially eviscerates the second paragraph. No. I mean, we don't have to read it that way. The question is, first of all, the doctors here had nothing to do with doing the abortion themselves. That's correct. That's correct. Okay. And the cause of the abortion was because of the information that the doctors – that's the malpractice. Isn't that what they're saying in the complaint? The malpractice – they're not saying that? No. They're saying that they're saying – So I – but I get – I can understand where the court is going. Well, if you use the language of paragraph 3, exactly the language is quoted in their complaint. So I don't see how you're saying it's not there. Well, it – the language is there, but it doesn't control the operation of paragraph 2. That's what – that's not – Well, I understand. But I'm trying to reconcile the fact that you seem to be saying that any time there's an abortion, the doctor is free and clear. So – Give me a situation where there's an abortion, and you would say there's a cause of action that would survive under this statute. Against a physician or a medical institution? Yes. Yes. Okay. There's one proviso that a cause of action is not prohibited where the fetus is live-born but subsequently dies. Besides that. Okay. There is none. There is none. So it's a – so you're giving an outright protection of anything time a woman has an abortion, there's no cause of action, I guess, a doctor who committed medical malpractice that led to it. That's what your – that's your position. And tell me why that's not your position. That's the position, Your Honor. Okay. And that's what the legislature said. I don't see where they said that. Well, Your Honor – I mean, they've had section – paragraph 3, too. I mean, that's the problem is how do we reconcile 2 and 3? Okay. I'd like to try and answer that question, Your Honor. So what is said in – so I'd like to back it up a second. Because what we're talking about here is not withdrawing a cause of action. What we're talking about here is a wrongful death act, which in derogation of the common law, provides a cause of action, and this Court must strictly construe the statute in interpreting it. So the first paragraph says we're going to – and I don't think anyone disagrees with this. This paragraph was enacted to provide that there is – we're not going to talk about viability anymore. There's a bunch of old case law that got into that issue with a wrongful death involving a fetus. They wanted to get rid of that, and that was the purpose of this bill, and I think that's quite clear from the language itself and to the extent that Judge Ehrlich got us into the legislative history. Okay. So then we have two exceptions to that rule, two exceptions to that general rule. One is where there is a death caused by a legal consented to abortion. And I have to say, when we read this language, it does not say that it's based on a physician's performance of an abortion. If that was the language that the general assembly wanted to use, they know how to write that. And they – and I have to say, even though Your Honor said you don't want to talk about light, I think the conversation has to be – I didn't want to talk about light at that time. I mean, I was trying to answer your question without getting into light. Okay. Right. I mean, obviously we can talk about light. Okay. Okay. I mean, it's one of the key cases. Right. Right. And so I think it's the plain form. First of all, before we talk about light, I think you can glean it from a – without even talking about light. You can glean it from a plain language. It's broader than to say that we're only talking about the individual physician who performs the abortion. It doesn't say that. It says the death of a fetus caused by an abortion. And that's exactly – and the reason that I say the certified question answers itself, that's the language that's in the certified question. So then that's – the question may – maybe we should dismiss it because the question is – doesn't make any sense. If the question answers itself, that's not a good question. Then there can't be any dispute. I mean, if it's a self-fulfilling question, then maybe the question isn't correct. And we don't – we can't change the question. So maybe we just – maybe this shouldn't have been granted. So explain why you believe the question answers itself and that I have a follow-up question. Okay. And Your Honor, please let me come back to that – to answer that question. But, Justice Walker, it answers itself because it contains within the question that the fetus died as a result of a lawful abortion. It's not – we're not talking about foreseeability, as Justice Hyman wrote. We're talking about the actual cause. And so that's one part of it. And it's also a lawful abortion with requisite consent. That is what pulls us into Paragraph 2. But here's the issue. The cause of action arises as a result of the injury. The wrongful death is really a derivative of that. And so if, for example, a decedent who has died, if they didn't have a cause of action for the injury, there would be no cause of action for the death. And that's how it works. So when you – you seem to be ignoring some things here. So the real issue is what caused the injury. And if the – if – we don't know. This thing still needs to be tried. If the doctors are responsible for the injury, then they can be responsible for the wrongful death. And that's how it works. And that's how you determine – and the Supreme Court explains that pretty well in the Williams case. Can I – can I explain why I disagree with – You disagree with the Supreme Court then. No, I don't. The Supreme Court explains it very well. No, I don't disagree with the Supreme Court. I disagree with your application of the Williams case to the situation. Because in Williams – I didn't apply the Williams case to the situation. I'm applying the Supreme Court's language in the Williams case. Right. And that's only – it doesn't matter what the issue is. What the Supreme Court says is that what we look to is the injury. And if there's a cause of action for the injury, there could be a cause of action for wrongful death. If there's no cause of action for the injury, there can be no cause of action for wrongful death. Right. And here's the difference between this case and the analysis, is the legislature has said there is no cause of death in this case. I mean, there is no wrongful death action in this case. So that's the difference. The way the – There's a really big point that you're missing, though. And some people could interpret this statute to only apply to those who perform abortions. I'm sorry. Doctors – and Justice Hyman just alluded to that – that it maybe applies to doctors who perform abortions. The doctor who actually performed the abortion cannot subsequently be found to have committed a wrongful death of the fetus. I disagree with that, Your Honor. And let me say why. First of all, that's not what this says. The second paragraph doesn't limit that exception to the creation of this cause of action, which did not exist in common law. So the court has to interpret this strictly, not expansively. Did not say this – that the abortion situation is limited to the physician who performs an abortion. That's not what the language says. It says where the death results from an abortion. And that's an important distinction. And now I will have to go to the Light case, Your Honor, because it can't be disputed that Light has been on the books since 1989. It is not factually distinguishable from this case. The fact that Light didn't look to the third paragraph in its analysis doesn't mean that it somehow missed the boat. This decision has not been touched in 31 years by the legislature. I must have named, you know, a dozen times that the legislature has gone back to the wrongful death act. I've made that argument so many times, and the problem is this. Light is an appellate court decision. To the extent that we should stay akin to the principle of stare decisis, yes, Light is important to us. But we're not absolutely bound by Light. If Light missed the boat and we're reading it and we get it now, then that's what it boils down to. Well, I think that the court was right, and I think it's a very strong signal by the legislature that the court had it right because it hasn't reacted to that decision in all these years. And, you know, I'm looking at the plain language of Section 2. I mean, 2, the fact that there's an injury is not, does not necessarily create a cause of action. This is a creature of the legislature. It did not exist at Common Law. So let me give you a hypothetical. Sure. The doctor knows, has information that would medically let the doctor know that the patient is pregnant. OK. Like in this case, let's just say there's information available that would indicate press press pregnancy. OK. The doctor performs a procedure and in doing so injures by mistake. I mean, obviously it's not a purpose, but injures that fetus. Goes to the parents and says, there's an injury to the fetus. I screwed up. You need to have an abortion because this is bad. So it's consent. So you say, do they have a cause of action or do they not have a cause of action under Paragraphs 2 or 3? They do not have a cause of action. So this is a great way for doctors to cover up their mistakes. Because any time they make a mistake, just tell a couple, you need to have an abortion. Because if they have an abortion, what you're saying is any time there's an abortion that cuts off causation, the doctor is free and clear. Doesn't matter if he lies to the couple. Doesn't matter if they can prove he knew that he screwed up. It doesn't matter. Because as soon as that abortion is consented to under what you just said, the doctor has no liability.  If the doctor knows that the patient is pregnant, the doctor has no liability. Is that correct? Your Honor, I disagree. First of all, how does a doctor – when does a doctor have liability for committing medical malpractice that injures a fetus when the doctor knows, or should have known under medical reasoning, that the patient is pregnant? Okay. So let me just – let me just back up a minute, okay? And look at the language of Paragraph 2 and look at the language of Paragraph 2. I'm asking you for a – I gave you a scenario. I want you to tell me you say that if you have an abortion, that's the end of it. I want you to tell me that in my scenario, which is quite a possible one, because what we're saying, if we go with you, is that any time someone has an abortion, no matter how awful the doctor performed in causing an injury to that fetus, it cuts off any possible action. So either the couple has to have a child born or have an abortion, which cuts off any causes of action. That's what I hear you say. Tell me if I'm wrong. You are wrong, Your Honor. I have to say it respectfully. Because it doesn't cut off any cause of action. The cause of action that is cut off is a wrongful death action. The – But it was the death of the child. There is the – We're talking about the death of a child. The parent still has her own cause of action. And that's – that is recognized in the legislative discussion, because there's – But the injury was to the – the injury was to the child. The injury to the mother is one thing. But the injury was to the fetus where the doctor knew or had reason to know that she was pregnant. So, again, aren't you saying that the abortion gives carte blanche to doctors to protect themselves from these causes of action, and we don't even have to go to three, because if we go to three, that opens it up. And that's why we have this tension. No. I'm saying that the legislature made a policy decision when it decided to open up the cause of action for wrongful death in the situation where a fetus is not viable, because that's the, you know, the old – That's not a problem. So that's – so that's what they decided to do. And then they made a policy decision in light of – and, you know, think about the timeframe. This was right after Roe v. Wade. Initially, the first paragraph is presented in the Senate, in the Illinois Senate, and then there's section – what are you doing? You know, Roe v. Wade. You're infringing on a woman's right to choose. So that's why you have these exceptions. We say, well, we're making a policy decision here. We're making a policy decision that that right to choose is not going to be infringed by permitting causes of action against physicians in the event of a wrongful death. We're not going to infringe a woman's right to choose by calling, in this situation, an abortion a wrongful death. And that's a policy decision. In the agenda of the statute, if the pregnancy had not been terminated and went to term, and the baby actually, because of the injury, was subsequently born dead, there would be no recovery because the baby was not born alive. That's where you take us. No, that's not what I'm saying. You said the baby has to be born alive. That's how you interpret the statute. I don't. I don't interpret the statute. Okay. Well, then read it. You read it, and then tell me how you're interpreting it differently. I'm not following the question. You're saying that you, Justice Hyman asked you earlier, what's the exception? Because under the theory is that we, that Justice Hyman believed you were moving forward, is that a doctor is never liable if, unless the baby's born alive. Correct. That's what you said earlier. Not never liable, Your Honor. Unless there's not a wrongful death. Well, one of the exceptions is that the baby's born alive. Okay. And there's not a wrongful death. If the baby's not born alive, then there's no recovery. There's not a wrongful death action. Correct. There's no wrongful death action unless the baby's born alive. There's not a wrongful death for a fetal death by, where there's a, yes. So under your scenario, then if the baby goes to term and is subsequently not born alive, there could be no cause of action for wrongful death. Even though there was injury and there's clear, it's clear that there was injury. Well, it's actually. And there would be no cause of action for wrongful death. Well, it's not clear, that's an allegation. Well, I'm not saying it's clear. The question, we've got to deal with the question we're dealing with. Right. I agree. I agree. And it says, it says the alleged malpractice resulted in a nonviable fetus, a fetus that is not going to be born alive. Right. And that's what the judge based it on. Page four of his ruling. Since baby dose deaths was not caused by an abortion, but was inevitable, because the defendant's injurious conduct. Section 2.2 authorizes the filing of a first amendment complaint. But you're saying that's wrong. I think that is wrong. I think that's wrong. I don't think viability is part of the equation. That's exactly what the legislature was trying to get out of this equation. The legislature said, here's the wrongful death action you can have for a fetus. And here's when you can't have a wrongful death action for a fetus. Take another example. In some states you have these late term abortions. And sometimes the babies are actually born. And they're basically killed after they're born. So in that case, if the baby is born alive, and then subsequently the abortion goes on, then there would be a cause for wrongful death. But when the abortion is completed, if the baby has expired, there would be no cause of action. Because there are some places where there are late term abortions. And babies are quite viable at the time that those abortions are occurring. Okay. But under your scenario, it depends on whether or not the baby is born alive. In order to have a cause of action for wrongful death. It depends on the language. I struggle with that. Well, Your Honor, I'm trying to address your question. I've not made a decision, but I struggle with it. Because I want to do the right thing. And I appreciate that. And I spent a lot of time looking at this, too. And looking, and I think I have a clear sense of what the legislature was saying from these three paragraphs. Was that we're getting rid of this viability requirement. We're going to allow a wrongful death act and derogation of the common law. Except that there's two exceptions. And one is we're not going to contravene Roe versus Wade and permit actions against doctors and medical institutions where there is a legal consensual abortion. That is a policy decision by the legislature. And Judge Ehrlich didn't like that. And I may not like it or you may not like it. But that's the decision of the legislature. And that's in their purview. And that's exactly how the third district interpreted the situation in light. And the case has been standing for 31 years. It doesn't matter if it's standing for 31 years. And you know that because maybe the situation really hasn't come up very often. And that's why you're citing it. Because there are very few published cases on this question. But the legislature has gone back to the statute. It's an appellate court decision. And often the legislature doesn't take account of Supreme Court decisions, let alone appellate court decisions. Well, the law presumes that the decision. Whether that's a good presumption or not, I don't know. But we don't need to discuss that. What about Paragraph 3? Let's talk about Paragraph 3. I think Paragraph 3, the way that the trial court interpreted Paragraph 3, and I'll sit down after this comment unless the Court has further questions, actually swallows Paragraph 2 whole. Because what the trial judge said, after commenting that the language of Paragraph 2 was quite clear, what the trial judge said was the converse of this situation means, the converse of what's in Paragraph 3 means that there must be a cause of action in that situation. But that just doesn't make any sense. And the reason is the converse of Paragraph 3 is that the defendant knew and had a medical reason to know of the pregnancy. That would include a physician who performs a legal consensual abortion. That can't be what the legislature meant. So unless the Court would like to ask me some more questions, I wish I could say more. But I will ask the Court to, in its further review of the statute, to answer yes to the certified question that Section – the second paragraph of 2.2 does. I just want to ask one more question on the viability. Sure. Because you point out that it's no longer an issue and the judge did put it in his certified question, would – what is your response whether we should send this back for the judge to revise the question in light of the fact that apparently he got the standards wrong or he described it erroneously because you're making a big deal of the fact that he used the word viable. So maybe the question should have been granted a certification certificate. I disagree. And I respect the Court for – you know, he came up with this question sua sponte. And I respect him for it because he said he struggled with the statute. I think what the question – what I read from this is that the judge said, I would think that if there's a nonviable situation, that that would make a difference. I think that the judge is asking this Court to tell him if that makes a difference. And that's why I disagree with the Court. And you're saying viability isn't a question before us because it's on the statute. No. I didn't quite say that, Your Honor. What I meant was to say that it doesn't control the application of the Second Period. It doesn't control it and it's not relevant. Well, it's – it was relevant to the judge. I don't care if it was relevant to the judge. The question is whether the question is correctly stated. You know, if you said – if it was sua sponte, then maybe the judge didn't have enough time to think about the exact language that was being used. It's very important the words the judge uses in framing the question. So maybe the judge did not have as much time that might have been helpful to kind of consider the wording in the question. So it sounds problematic. You're saying it just sounds problematic. You know, I disagree with the Court for a couple of reasons. One is that initially Judge Rood granted the motion. Right. And then said, wait a second, I want to think about this a little more. I want everybody to give me another round of briefs and talk about the legislative history. And secondly, even if the Court found fault with the question, I don't find fault with it because I think that was the inquiry of the trial judge. But even if this Court found fault with the question, in the interest of judicial economy and reaching an equitable result, I think the Court can still answer the question and say that these other factors don't control the application of the second paragraph. Okay. Thank you so much, Your Honor. Thanks. Thank you, Ed Grassi. On behalf of the appellees, may it please the Court. On behalf of my clients, Monique Thomas and Christopher Mitchell, I appreciate you taking the time to hear this case today. I think it's important to note from the outset that the procedural posture of this case is on a 619 motion to dismiss.  This is not after discovery. This is not after depositions. We do not have all of the facts fully enunciated. But as pled in the complaint, the facts are very clear, that Ms. Thomas went to Alexian Brothers for an elective surgery. It's standard practice. There was a urine dip that was taken, which was positive for HGG. Could you speak up just a little bit, please? I'm sorry. I'm sorry. When she first presented to the Alexian Brothers for the procedure, there was a urine dip that was done, which was negative. Do you know the facts? Okay. I don't want to get too far into the facts. But why doesn't ‑‑ why don't we just follow the light?  Personally, I think light was properly decided, but for the wrong reasons. And I think that's what Justice Walker was talking about, is you have to focus on the injury. And I think one of the� But isn't the second paragraph said wrongful death of a fetus caused by an abortion? And it was�—there's no question it was permitted by law, and requisite consent was lawfully given.    you have to focus on the injury. And I think that's what Justice Walker was talking about, is you have to focus on the injury. And I think one of the�‑ But isn't the second paragraph said wrongful death of a fetus caused by an abortion? And it was�—there's no question it was permitted by law, and requisite consent was lawfully given. Any physician or medical institution? Why wouldn't that be the end of the question? Because I think that the�—in preparing for this, I realized something about the language in paragraph 2 and paragraph 3 that I think directly answers your question. I think this is very important. The legislature, you have to presume that there's an injury. And what I noticed in preparing for this hearing is that the legislature specifically chose to use two different sets of words in paragraph 2 and paragraph 3. In paragraph 2, they said that the wrongful death of a fetus caused by an abortion. It's very different from what they say in paragraph 3. In paragraph 3, they say the wrongful death of a fetus based on the alleged misconduct of the physician. Now, when counsel was talking about this and answering your questions, she routinely would leave out the word wrongful and say that death was caused by an abortion. And this is where the Williams case becomes oh so important to this analysis, especially with that language of caused by and based on. The entirety of the Wrongful Death Act is premised on an injury to an individual, in this case a fetus, that then leads to the death. We have pled directly in our complaint injury to the fetus as a result of the actions of these doctors. Now, when you look at the basis of the wrongful death having to be an injury to the individual, in this case the fetus, that's the precursor event is the injury. So when you say wrongful death, you're not just saying death. It's not just a death caused by an abortion. It's a wrongful death caused by an abortion. But that's paragraph 2, wrongful death of a fetus caused by an abortion. Correct. And this is where in paragraph 1 the legislature took it upon themselves to list out the different types of events that could lead to it. And they say in that, I want to make sure I get the exact language right, in paragraph 1 they reference injury to a person. They reference when that injury takes effect or at death. They say directly for as to the fetus. We have three different possibilities. When the injury takes place, when the injury takes effect, or at death. So the legislature is opening up the possibility that any of those three could apply to the fetus. Now, when you look at paragraph 2 and it says that the wrongful death has to be caused by an abortion, what the legislature is saying there is that the wrongful death leading from an injury is the abortion because the wrongful death is caused by the abortion. So let's take my scenario where a doctor knows or under medical conditions should have known about the fact that the patient is pregnant and does a procedure and it causes damage to the fetus and doesn't tell the couple and just says you need an abortion, you know, I think you should have it. And they agree. Covers up his or her wrongful death. Are they off the hook? No. In that case, specifically, they wouldn't be because the wrongful death isn't caused by the abortion. The death is. The death, the wrongful death is caused by the abortion. The baby was, in the scenario, if the baby is, is, is death, it would be caused by the abortion. Let's say he may have injured but it would be whether that injury actually caused the damage in that. I mean, he doesn't know. The doctor or he or she may not know whether it caused injury but knows that possible had an effect on the fetus and is worried that something could happen in order to avoid any kind of liability to say you should have an abortion. And I would agree with you that that would be an unjust result. Yeah. That would not be the just result and it would not. It would be unjust but we have to follow the statutes. I don't, I don't think in that scenario it would even fit under paragraph two. I'm essentially making the argument here today that paragraph two doesn't even apply to the facts of the case that we have in front of you and it doesn't apply to your scenario because it's not just that the death is caused by an abortion. It has to be the wrongful death is caused by an abortion because they use the word wrongful and you have to assume that they fully understood what wrongful death meant. Wrongful death as being the primary injury. But it is a wrongful death case. I agree with that. But again, this is where the Williams case to me is so instructive on a determination of this issue. I think you could look at paragraphs two and paragraphs three, taking into account the Williams case and the longstanding history of the fact that the wrongful death act is in derogation of the common law. So in order to have a wrongful death case, you have to have an injury that the person who eventually dies has a cognizable, actionable right to pursue. And in either your scenario or what I'm suggesting in the facts of this case, the injury occurs to the fetus and then there is death later. As the defendants have pointed out and as you've said several times, just because an abortion occurs, it can't be the only question. It can't be just that if abortion occurred, therefore there is nothing. And that's what leads to your scenario. Well, what if the doctor himself is the one that does it? What if the doctor realizes he made a mistake? In that scenario, he has caused an injury. And again, the key is we're at a 619 stage. Somebody would have to prove that he did cause injury to that fetus before the abortion. We've pled that. We've pled there's direct injury. And what I'm asking for is the ability to prove that on behalf of my clients. I'm asking for the ability to go in and prove that there was direct injury to this fetus, which then led to the death. And then paragraph 2 is not even applicable because the wrongful death was not caused by the abortion. The wrongful death was just the abortion itself was just an event that was required as a result of the actions of the defendants. You know? And as Justice Early – I'm sorry, Judge Early pointed out, we cannot interpret statutes to lead to ludicrous results. And one of your questions directly addressed this. The defendants – But as Ms. DeGrant recognizes and argues, we are required to strictly interpret the statute because there is no right for wrongful death in common law. And there didn't become one until 1853. And if this is the case, the statute clearly reads that there's no cause of action against the position or medical institution for wrongful death or abuse caused by abortion. And if you were to take those words literally, death caused by abortion, there was an abortion, there was consent to the abortion, and there's no cause of action. She's asking us to read the statute strictly, which is what we're required to do because there's no action in common law. One, as I've already pointed out, it's the wrongful death of the fetus that's important. But that's exactly what the statute says. I understand. And the wrongful death, as you pointed out in Williams, has to have a precursor injury, right? The light case, right, they did not address in that case whether there was or was not direct injury to the fetus beforehand. The light case came out and concluded that we do not believe there is a wrongful death cause of action. Now, they cited to paragraph 2 of the Wrongful Death Act, but their actual ruling should have been there was no injury to act as a precursor event to the wrongful death action. So their result could have been exactly the same in light if they had just worded it differently. We do not have an injury to the fetus that you've even pled. We have no injury of any kind that is the precursor event to trigger the Wrongful Death Act to even apply, right? In our situation, we have a very different set of facts. We have directly pled a direct injury to the fetus as a result of the actions of the defendants. Now, as I said, I think you can look at paragraph 2 and paragraph 3 and read them very clearly without having to go through a lengthy statutory interpretation. If the wrongful death itself is not caused by the abortion, we're alleging here the wrongful death is the actions of the defendants. It's not caused by the abortion. In a case where you have no injury to the fetus under your scenarios, if you have no injury to the fetus of any kind, the only actionable injury becomes the abortion itself because that's the only injury of any kind to the fetus, right? And that's where when you look at paragraph 3, and I want to further address your question. I forgot to come back to this. You asked about a strict reading of the statute. The Wrongful Death Act in and of itself is in derogation of the common law, and you do have to have a strict reading of it. I don't disagree with that at all. Paragraph 2 and 3, we're not fighting about one. Paragraph 1 is what's in derogation of the common law because paragraph 1 is the one that says we're going to allow wrongful death actions on behalf of fetuses. And it doesn't matter what the age of gestation is, right? So paragraph 2 and 3 are then exceptions to those rules. Those are exceptions to the rule of the enacting legislation, which is paragraph 1. So, yes, I believe you have to read it strictly, but we're talking about exceptions to the grant of the action in derogation of the common law. And those exceptions, to me, paragraph 2 does not even apply, as I've said. So just to summarize, what you're saying is the fact of an abortion in and of itself is not the end of the question. Still, if there's been an injury to the fetus when a doctor knew or should have known about the fetus, then paragraph 3 catches that cause of action. I think you could argue paragraph 3 catches that. You could also argue that it just makes it that paragraph 2 doesn't apply, because then what you're alleging in that scenario — It doesn't matter whether it's abortion or not, you're saying. Correct. Because what you're talking about is the wrongful death action is the injury that led to the eventual death, right? And then in that situation, what you have is a wrongful death action premised on the injury to the fetus. But, Miss, she said, which could make sense, that that's what happens every time there's an abortion. The doctor knows that the woman is pregnant, right? Well, obviously, yes. So how do you reconcile that? Again, I don't think that there's anything to reconcile in that situation. Under paragraph 3, what we're talking about is, again, we're talking about an injury to a fetus that is based on the alleged malpractice of the physicians. So in order to have the language applicable in paragraph 3, right, the wrongful death act does not apply unless you have a death. And we're talking about a fetus. So there are only a certain number of ways in which you can have the wrongful death action of a fetus, all right? So we have to have some action to cause the death of the fetus. If the baby is born and then something happens, section 2.2 doesn't apply. It's an irrelevant section at that point. So we're only talking about what happens to the fetus if there's a death. Is it stillborn? Is it born alive and then it's a late-term abortion? All of those things shouldn't matter because what we're talking about in paragraph 3 is a situation where we have a doctor committing malpractice that causes injury to the fetus. So the wrongful death action is based on the injury to the fetus that occurs, which then leads to death. So when the legislator chose the words based on, they were excluding from any causes of action situations in which a doctor did something that could have caused injury to a fetus, but the doctor had no idea she was pregnant. But I want to make sure you're actually addressing Mr. Grant's argument there because she's arguing that section 3 does not apply at all. And you're only arguing that section 3 applies and that section 2 does not. She believes that this case should be decided strictly based on section 2, as the White Court did. In theory, what I'm saying is I don't know that either one of them needs to apply. I don't know that either one of them necessarily needs to apply to the situation that we have here. We have in section 1 a grant of a cause of action when there's injury to a fetus that leads to the death. So it is not a situation where you have to say that paragraph 3 applies. Paragraph 3 is an exception that says there is no cause of action in this scenario. Factually, based on our pleading, that scenario doesn't exist. So under her theory, it doesn't apply because the facts are different or Light says something different. The exception doesn't even apply in that sense because if you look at the Williams case, and as we've discussed, the injury itself is what creates the cause of action. So they're talking about an exception to apply. Paragraph 2 doesn't apply because the wrongful death was not caused by an abortion. Again, the death may have been, but not the wrongful death because the injury occurred to the fetus. That's the actionable event. So it is... And that makes the two of you fundamentally disagree because she believes that the abortion is the wrongful death. Correct. That's what it sounds like. And that was the answer to her question. If there is an abortion, there is no cause of action under it, no wrongful death cause of action, period, end of story. What's your position? Are the physician or a medical institution, paragraph 2, the same as a physician or a medical institution, paragraph 3? That is, is paragraph 2 just talking about doctors who do abortions or there's actually no difference in the... Your position is it means all doctors and medical institutions. It's a tough question because you're asking to say... What do you have a position on? Well, it depends on who you're going to sue, right? Like in a situation, in your scenario where the doctor that committed the malpractice is the same one who committed the abortion, do you have a problem because he's the physician that did both? You know, in this situation, it's two different doctors. In our situation, I am suing the doctors that committed the malpractice that injured this fetus. Those are the doctors that are relevant to my inquiry. Correct. But still, it's possible. The language of paragraph 2 would include them, whether it protects them in this situation or not is a different issue. But it would include them. I think, I don't know how else to answer. If it generically says physicians and hospitals, it would, in theory, include all. I don't know how else to read that. That's fine. Now, I do want to address the issue of whether or not the question answers itself because I think that's a very important question. Judge Erlich, when he posed this question, which just sort of was clear, the defense agreed that the question was properly phrased at the time. His question starts with the five words, does this bar a cause of action? The rest of the question, I'm sorry, does section 2.2 bar a cause of action? When these facts are present, right? So his question is, it does not answer itself unless you subscribe to the defendant's theory that just an abortion occurring automatically means that you can never proceed under section 2.2. That's the only way that you can say that the question answers itself. The issue here is when you have this set of facts as pled by these plaintiffs, does this bar a cause of action under section 2.2? I think the answer to that is clearly no. Now, there's also the discussion of viability and Judge Erlich's use of the words nonviable. It seems clear to me that Judge Erlich was not referencing whether the fetus itself was viable in terms of time of gestation. What he says in that question is based on the actions of the defendants that the fetus becomes nonviable, because of the injury caused by the defendants, does that then create the issue or bar the cause of action when it becomes nonviable? So his question as to the use of the word viability is not about whether a fetus is viable. That's not the way I read that question. Now, I do think it's very also important to point out, as Judge Erlich mentioned and we've talked about already, that statutory interpretation cannot lead to just unjust or improper results. I have already given you a way that I think you can read paragraphs 2 and 3 without having any issue of going through the statutory interpretation of the legislative history. But it's very important to point out here that the defendants in this case cannot deny that if there was injury to that child, that fetus, and she had taken the child to term and say it was born alive and it had injuries and then died as a result, there's clearly a cause of action for that fetus and what becomes a child under the Wrongful Death Act. They cannot deny that. If that child is injured during this pregnancy, is born alive, and then dies, there is a cause of action for that child. I don't think they can deny that. As long as you can prove the elements of a wrongful death. If that's the choice of the legislature, why not? The legislature didn't even have to give us the wrongful death. If they didn't give us the act, then there would be no action for wrongful death. Correct. The legislature gives us the act, and something in the act is a little quirky. I mean, we're probably bound by it. I just heard this recently in a case with a collections case. I think the legislature's results was absurd, but I was required to follow the law. And in this case, as I said, I think there's a clear reading that you can come to in paragraphs 2 and 3 through the uses of caused by and based on as to what that means. Mr. Grant's argument is that we're bound by the language of the legislature because they've given us this statute that helps people to get claims for wrongful death. Because previously, if the person lived, you could sue, but as soon as they died, doctors were free, and sometimes, I mean, probably even lead to doctors making sure they died in the hospital so that there could be no claim if we didn't have the wrongful death. I cannot stand here. Her argument is that we've got to read it the way the legislature intended. I agree with that, and that's where I can't sit here and deny that if you all look at this statute and say that just because there's an abortion, that that's the cause of the death of that fetus, that that in and of itself falls within the language of paragraph 2, I have no argument to that if that's your conclusion. I think that's a clearly wrong conclusion in this situation, though, because it doesn't take into account the way the Williams Court talks about the injury, which is the precursor, and it doesn't take into account the statutory interpretation that the legislature intended when they used caused by, when they used based on, right? If I understand their argument, I fully understand their argument, and I fully disagree with it. I don't think that's what the legislature intended, and because if you look at it as Judge Ehrlich did, paragraph 2 and paragraph 3 create different results where reasonable people can disagree. You look back at the legislative history of when they actually enacted this, they said 100 percent clearly the purpose of paragraph 2 is only to immunize those doctors who perform the abortions that are lawful and with consent. That was the purpose of it. Could they have written it better? I don't know. Maybe. But the end result is they said that's the purpose of it. So if there's an ambiguity in the statute, if you read it, and you can read it two different ways, does 2 apply, does 3 apply, do they both apply in this factual scenario? You look at the legislative history, it's very, very clear. Paragraph 2 is only meant to apply to the doctors who perform the abortions that are lawful. They didn't want those doctors to be able to be sued for lawfulness. I'm sorry. Maybe I misunderstood that. I apologize. Well, at that point I was not talking about the legislative history because I was working on a different argument at that point, so I apologize if I misunderstood that. Thanks very much. Is my time up? Thank you very much. I'll be brief. There isn't a word in the legislative history that has a limitation that counsel just stated. So that's one point. The other point is most of the argument here has been about injury and about Williams and about a situation that wasn't involved here. Williams doesn't say that every time there's an injury there is a wrongful death action. Williams says as a precursor to having a wrongful death action, there must be an injury caused by the defendant. But there was no wrongful death action there because, and it was a summary judgment record, there was no evidence that the conduct of the defendant caused an injury to the fetus. But it doesn't say, and this is I think where we're getting a little far afield, because there's an injury doesn't mean there's necessarily a wrongful death action. What tells us if there's a wrongful death action is the statute. And the statute says that in this situation there's no wrongful death action. So I feel that counsel has twisted those concepts. The other point that I have to make is that the attempt to shoehorn this situation into paragraph 3 simply can't work even by the argument of the plaintiff that the legislature limited the exception in paragraph 2 to a situation involving a suit against the doctor before the abortion. This reading of paragraph 3 would knock out paragraph 2 completely. That's not a reasonable reading of the statute. The statute's clear. There's no cause of action here. So unless the court wants to ask me another question, I'll thank the court for its time. Okay. Thank you very much. Thank you very much. Thanks. All right. Thank you very much for your work, your briefs, your arguments. And you'll be hearing, and they were very, very good, you'll be hearing from us soon.